451 A.2d 549

COMMONWEALTH of Pennsylvania

v.

**David YOST, Appellant.**

Superior Court of Pennsylvania.

Argued May 10, 1982.

Filed Oct. 8, 1982.

Petition for Allowance of Appeal Denied Feb. 23, 1983.

John R. Merrick, Public Defender, Dennis Daniel Brogan, Assistant Public Defender, West Chester, for appellant.

Joseph W. Carroll, III, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Chester County, denying the appellant's Motion to Quash an Information based upon the claim that reprosecution was barred on the basis of double jeopardy.

On March 20, 1980 the appellant, David Yost, drove a car to the Frazer Bowling Lanes in East Whiteland Township, Chester County. The only passenger in the car, Marl Latsha, had arranged to meet a state trooper, working in an undercover capacity, at that location for the purpose of

selling methamphetamine, a controlled substance.[1] Police arrested Marl Latsha at the bowling lanes and seized a quantity of methamphetamine from his person. The appellant, who had remained inside of the car during this time, was also arrested. A sawed-off shotgun was found between the appellant's legs at the time of his arrest, and some shotgun shells and marijuana were also found in the car.

The appellant was charged with various offenses,[2] and subsequently filed a Motion to Suppress the shotgun and methamphetamine, which was denied. The Honorable Dominic T. Marrone thereafter met with counsel in chambers and specifically instructed the assistant district attorney not to let his witnesses mention the marijuana that was found in the car, while testifying in the presence of the jury. However, at trial, one of the Commonwealth's witnesses remarked that marijuana had been found in the car and a mistrial was granted at the appellant's request. A Motion to Dismiss the Information was thereafter filed, alleging that any retrial should be barred as violative of the appellant's constitutional right not to be placed twice in jeopardy. After a hearing, the Honorable Robert S. Gawthrop, III denied the motion by an Order dated January 20, 1981, and this appeal followed.[3]

■■■ The constitutional guarantee against double jeopardy protects a defendant in a criminal proceeding against multiple punishments or successive prosecutions for the same offense. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). In general, when a

1. Methamphetamine is a Schedule II drug under the "Controlled Substance, Drug, Device and Cosmetic Act". Act of April 14, 1972, P.L. 233, No. 64 § 1, as amended by the Act of November 26, 1978, P.L. 1392, No. 328, § 1; 35 P.S. § 780–104(2)(iii)(4).

2. The appellant was charged with the crimes of conspiracy, possession of an offensive weapon, firearms violation, possession and possession with intent to deliver a controlled substance.

3. An order denying a pretrial motion to dismiss on grounds of double jeopardy is a final, appealable order. *Commonwealth v. Starks,* 490 Pa. 336, 416 A.2d 498 (1980); *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977).

mistrial is granted on a defendant's motion, or with his consent, the principles of double jeopardy do not bar a subsequent reprosecution. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). The only exception to the rule permitting retrial is where the defendant's mistrial request is necessitated by prosecutorial error committed intentionally to force the accused to move for a mistrial, thereby affording the prosecution another, possibly more favorable opportunity to convict. When such governmental overreaching or bad faith is found to exist, the double jeopardy clause will bar a retrial.[4] *United States v. Dinitz,* supra; *Commonwealth v. Mitchell,* 488 Pa. 75, 410 A.2d 1232 (1980).

In the case of *Commonwealth v. Clark,* 287 Pa.Super. 380, 392, 430 A.2d 655, 661 (1981), this Court (per Judge Price) set out the following guidelines to assist in the difficult determination of whether given conduct is intentional or bad faith overreaching, rather than mere prosecutorial error:

Thus, we hold the following circumstances to be relevant in determining the existence of bad faith intent on the part of the prosecution: (1) the absence of any actions undertaken by the prosecutor to preserve the trial and to enhance the defendant's prospects for a fair trial after the misconduct occurred, (2) the absence of either abundant or convincing evidence of the defendant's guilt, so that the prosecutor's misconduct might reasonably be perceived as an attempt to rescue an inadequate prosecution, (3) the absence of misconduct causing serious and incurable prejudice to the defendant, (4) the absence of any neutral explanations, including inexperience, trial strategy, or inadvertence on the part of the government, to show that it

4. In *Commonwealth v. Perry,* 270 Pa.Super. 412, 417, 411 A.2d 786, 789 (1979), Judge Price stated:

"... (the Supreme Court) has determined that error on the part of the prosecution resulting in a mistrial acts as a bar to a subsequent retrial only if the error was intentionally committed for the purpose of harassment or prejudice. Mere negligence, even gross negligence, will not bar a second prosecution." (citations omitted)

did not, in fact, act purposely, (5) observations of the trial judge concerning the prosecutor's motives, and (6) defiance by the prosecutor of any direct order or clear admonition by the trial court to refrain from specific conduct prejudicing the defendant's prospects for acquittal.

In the instant case, the lower court found that the prosecutor told all of his witnesses who were present when trial commenced, that they were not to mention the marijuana. Trooper Bostick, who had not been present at the start of the trial, was called as the second Commonwealth witness. The trooper testified that when he first went to the appellant's car, there was a sawed-off shotgun between the appellant's legs. The prosecutor then asked, "Did you see anything else in the vehicle, in the front section of the vehicle?" The trooper replied, "Not immediately, but after we handcuffed him and restrained him on the car, there were probable marijuana bags, and stuff like that." Following this exchange, a mistrial was immediately sought and granted.

At the hearing on the appellant's Motion to Quash the Information, the assistant district attorney who tried the case testified that he interviewed Trooper Bostick prior to the trial and had been told about shotgun shells which were in the car. Thus, in answer to the prosecutor's question at trial, it was expected that the trooper would say that he found shotgun shells in the car, not that he would mention anything about the marijuana. The prosecutor further testified that he had no intention of causing a mistrial, that there was no advantage to be gained by the Commonwealth in having a mistrial declared, and that, in his opinion, the trial was going well and that he was fully prepared to complete the trial at that time.

In *Commonwealth v. Mitchell,* 488 Pa. 75, 410 A.2d 1232 (1980), the Pennsylvania Supreme Court decided that the guarantee against double jeopardy did not bar retrial of the defendant where a mistrial was granted after a prosecution witness impermissibly referred to the defendant's prior criminal record on direct examination. Further, in *Com-*

*monwealth v. Potter,* 478 Pa. 251, 386 A.2d 918 (1978), the Court held that retrial was not barred where the prosecutor, in an earlier trial, improperly questioned two witnesses after he had been instructed by the trial court not to pursue a certain line of questioning.

■ In the present matter, we find that the prosecutor's actions were not done in bad faith, were not designed to harass and prejudice the appellant's chances for acquittal, and were not for the purpose of intentionally causing a mistrial.[5] Even if the prosecutor did err in his conduct, the facts of this case do not require the extreme sanction of complete discharge of the information. Accordingly, we affirm the Order of the Court below.

Order affirmed.

---

**5.** Prosecutorial misconduct intentionally calculated to trigger the declaration of a mistrial and prosecutorial misconduct undertaken in bad faith to harass the accused, are the two principle types of prosecutorial overreaching as delineated by the Supreme Court. *See: Commonwealth v. Virtu,* 495 Pa. 59, 432 A.2d 198 (fn. 7) (1981).