454 A.2d 1134

**COMMONWEALTH of Pennsylvania**

v.

**David McCLAIN, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1982.

Filed Jan. 14, 1983.

164

Alan Ira Lourie, Assistant Public Defender, West Chester, for appellant.

Joseph W. Carroll, III, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

BECK, Judge:

Appellant David McClain, whose motion for a mistrial was granted, now appeals the denial of his motion to quash information for a new trial on the grounds of double jeopardy.

On July 16, 1980 McClain was arrested for Criminal Attempt-homicide, Rape, Robbery, Burglary, Aggravated Assault, and related charges. On July 23, 1980, he was again arrested for these offenses. McClain was brought to a joint trial of both series of charges in October 1980.

During a suppression hearing held prior to trial, the prosecutor learned of an incriminating statement made by McClain to a certain Detective Worth, when McClain was being questioned in connection with yet another rape for

which he was tried separately. This statement, in the file of the other case, included a reference to McClain's whereabouts at the time of one of the rapes in the trial at bar. The prosecutor in McClain's trial of October 1980 was an assistant district attorney with some five years experience who had only recently been assigned to McClain's case as a replacement for another prosecutor who was ill. The replacement prosecutor had not been in charge of pretrial discovery in the case (Suppression Hearing, 39), and therefore had learned of the incriminating statement belatedly and had not informed either defense counsel or the court of the documented statement.

Upon the court's learning of the existence of the statement in the other file, the following exchange took place (pp. 40–41):

THE COURT: .... Was this a written or oral statement?

MR. DUNCAN: This is oral, Your Honor.

THE COURT: Made a month after?

MR. DUNCAN: That's correct. If Your Honor please, this statement was made in reference to an arrest involving an incident which took place in July of '79 for which this defendant was rearrested for and that is his reason for being out here.

THE COURT: What does it have to do with this case?

MR. DUNCAN: If the Court please, in taking it, he rambles but he places himself at the scene on this particular incident.

THE COURT: Did you disclose that in the discovery motion?

MR. DUNCAN: I will have to check.

THE COURT: Then we are not going to let it in if it has not been disclosed in the discovery motion. And, if it is rambling, I don't want to hear it anyhow.

Defense counsel subsequently reiterated a question concerning the Commonwealth's evidence which would be subject to Pa.R.Crim.P. 305 on mandatory disclosure (pp. 47–8):

MR. LOURIE: I'm asking the Court to ask the District Attorney if there is any additional mandatory discovery evidence under 305, I believe it is, that he intends to use at the trial of this case that has not yet been disclosed to me?

THE COURT: Do you want to ask him that?

MR. LOURIE: I will ask him that.

THE COURT: Then why don't you ask him yourself.

MR. LOURIE: Okay, I'm asking the District Attorney myself.

MR. DUNCAN: It is my understanding that everything has been provided to Mr. Lourie. Mr. Reed was quite generous.

THE COURT: Well, anything not provided will not be admitted into evidence. How's that?

MR. LOURIE: Fine.

THE COURT: All right, I will see you in about fifteen minutes, I guess. The jury is supposed to come in then. We'll get started when they come in.

While this dialogue constitutes a clear understanding that the incriminating statement would not be introduced in the Commonwealth's case, there was never any specific ruling by the trial judge that the statement could not be put before the jury for constitutional, procedural, or evidentiary reasons.

[1] At trial McClain took the stand in his own defense. Despite the pre-trial agreement, the prosecution's attempted impeachment of McClain on cross-examination made reference to the defendant's statement to Detective Worth. Thereupon the defense moved for a mistrial which the trial judge granted. A retrial was scheduled and McClain filed an application to quash informations on double jeopardy grounds. He appeals the denial of that motion.[1]

---

**1.** After a mistrial is declared, and prior to the commencement of the second trial, a defendant has a right to an interlocutory appeal from the denial of his pre-trial motion to dismiss on the grounds of double jeopardy. *Com. v. Santiago,* 492 Pa. 297, 424 A.2d 870 (1981), *Com. v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977).

The sole question for the Court is whether the prosecution's wrongful introduction of the statement amounted to conduct which can be characterized as so deliberately or intentionally bad faith harassment that the defendant's proper remedy is discharge rather than a new trial.

The Fifth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, protects a defendant in a criminal case against multiple prosecutions or punishments for the same offense. The same proscription, "No person shall, for the same offense, be twice put in jeopardy of life or limb" appears in Article 1 § 10 of the Pennsylvania constitution. This constitutional protection against double jeopardy is not absolute, however, and certain exceptions to the basic rule allow the repetition of a trial.[2]  Generally, the double jeopardy clause does not bar retrial of a defendant who makes his own affirmative motion for a mistrial, the theory being that the defendant, by virtue of his motion, assented to a new trial. If, however, the defendant's motion was generated by underlying prosecutorial error "motivated by bad faith or undertaken to harass or prejudice," the theory of the defendant's consent to a new trial does not apply. *Lee v. United States*, 432 U.S. 23, 33, 97 S.Ct. 2141, 2147, 53 L.Ed.2d 80 (1977).  The United States Supreme Court, in *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267, recognized that retrial should be barred when the defendant's mistrial motion is triggered by prosecutorial misconduct that is intended to abort the proceedings, so as to afford the state a more favorable opportunity to convict. Such prosecutorial "overreaching" will cause the constitutional guarantee against double jeopardy to protect the defendant from the ordeal of a second trial. *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498 (1980).

We must now consider whether the prosecution's violation of the pre-trial agreement in McClain's case was

2.  For an analysis of when retrial is not barred by the Fifth Amendment see Schulhofer, Jeopardy and Mistrials, 125 *U.Pa.L.Rev.* 449 (1977).

sufficiently egregious to allow McClain to invoke the protection of the double jeopardy clause. In *Commonwealth v. Clark*, 287 Pa.Super. 380, 430 A.2d 655 (1981) we set guidelines to assist in the determination of whether prosecutorial misconduct is the result of bad faith intentional overreaching rather than simple error:

> [W]e hold the following circumstances to be relevant in determining the existence of bad faith intent on the part of the prosecution: (1) the absence of any actions undertaken by the prosecutor to preserve the trial and to enhance the defendant's prospects for a fair trial after the misconduct occurred, (2) the absence of either abundant or convincing evidence of the defendant's guilt, so that the prosecutor's misconduct might reasonably be perceived as an attempt to rescue an inadequate prosecution, (3) the absence of misconduct causing serious and incurable prejudice to the defendant, (4) the absence of any neutral explanations, including inexperience, trial strategy, or inadvertence on the part of the government, to show that it did not, in fact, act purposely, (5) observations of the trial judge concerning the prosecutor's motives, and (6) defiance by the prosecutor of any direct order or clear admonition by the trial court to refrain from specific conduct prejudicing the defendant's prospects for acquittal. (287 Pa.Superior Ct. 392, 430 A.2d at 661)

A review of the record of the pre-trial suppression hearing, the trial itself, and the post-trial hearing on the defendant's motion to quash for double jeopardy shows that McClain's claim of deliberate prosecutorial overreaching in order to obtain a second opportunity to convict is without merit. When the mistrial was declared, the prosecution's case was progressing successfully and McClain's conviction seemed highly likely. The prosecution did not want a mistrial declared. On the contrary, the Commonwealth was ready and willing to proceed on the basis of ample evidence, including eye-witnesses who were ready to testify. The assistant district attorney who erroneously introduced the

challenged statement, after he had promised not to do so, apparently believed that if he did not bring in the statement in his case in chief he was free to do so while impeaching McClain on cross-examination. This was clearly error on the prosecutor's part. We accept the analysis and conclusions of the court below that the wrongful introduction of the statement arose from ignorance or negligence [3] and does not rise to the level of intentional overreaching that would entitle appellant to a discharge.

McClain's mistrial is easily distinguishable from *Commonwealth v. Virtu*, 495 Pa. 59, 432 A.2d 198 (1981) where our Supreme Court dismissed the case for prosecutorial misconduct, holding that double jeopardy barred retrial. In *Virtu*, the prosecution called a witness who had made known his intention to exercise his Fifth Amendment rights, the prosecution had actual knowledge of the witness's intentions, and deliberately made misrepresentations to the Court. We believe the facts of the instant case more closely resemble those of *Commonwealth v. Clark, supra.* In *Clark*, the prosecutor asked an improper question, explicitly referring to a suppression hearing statement in a way that could convey to the jury, by reasonable inference, the existence of inculpatory evidence. Our Court declared that the resulting mistrial did not generate a double jeopardy bar to retrial.

Accordingly, the order of the lower court which denied appellant's application to quash informations for double jeopardy is affirmed.

---

**3.** The assistant district attorney testified that he was unaware of the Pennsylvania Supreme Court's holding in *Commonwealth v. Triplett,* 462 Pa. 244, 341 A.2d 62 (1975) to the effect that any statement of a defendant which is declared inadmissable for any reason by a suppression court cannot be used to impeach the credibility of a defendant who testifies in his own behalf. *Triplett* was premised upon the Pennsylvania constitution, Article 1 § 9, and is distinguished from the United States Supreme Court's ruling in *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) which allowed the use of constitutionally infirm statements to impeach the credibility of a defendant's trial testimony if the statement was obtained under circumstances that did not detract from the trustworthiness of the statement.