611 A.2d 1315

**COMMONWEALTH of Pennsylvania**

**v.**

**Clifford Joseph JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 20, 1992.

Filed Aug. 17, 1992.

James J. Walker, Scranton, for appellant.

Michael Jude Barrasse, Dist. Atty., Scranton, for Com., appellee.

Before McEWEN, CIRILLO and MONTGOMERY, JJ.

CIRILLO, Judge.

This is an appeal from an order entered in the Court of Common Pleas of Lackawanna County denying the appellant's motion to dismiss the criminal information on the grounds of double jeopardy. We affirm.

On February 6, 1991, Appellant Clifford Joseph Johnson (Johnson) was charged with indecent assault[1] and corruption of minors.[2] These charges stemmed from Johnson's alleged sexual assault of a nine year old girl. During a jury trial, the Honorable James J. Walsh presiding, the assistant district attorney attempted to elicit testimony from the victim regarding a threat allegedly made by Johnson, wherein he indicated that he would kill the victim if she told anyone of the assault. The victim declined to testify about the threat. Thereafter, defense counsel made an oral motion to preclude any testimony from other Commonwealth witnesses concerning the threat. The trial court granted the motion and ordered the assistant district attorney to specifically advise and instruct Commonwealth witnesses to refrain from testifying to or making any references concerning the specific threat which Johnson allegedly made.

The Commonwealth then presented the testimony of Beverly Baun (Baun), an employee of the Lackawanna County Bureau of Children and Youth Services. Baun told the jury that upon questioning the victim she learned that Johnson had threatened to kill the child. Stressing that the trial court had ruled that any testimony referring to the alleged threat was inadmissible, Johnson moved for a mistrial pursuant to Rule 1118(b) of the Pennsylvania Rules of Criminal Procedure. The trial court granted Johnson's motion. Johnson then filed a motion to dismiss the criminal information on the grounds that a retrial should be barred as violative of his constitutional right not to be placed twice

1. 18 Pa.C.S.A. § 3126(1).
2. 18 Pa.C.S.A. § 6301.

in jeopardy. After a hearing on this matter, the trial court denied the motion.[3] This timely appeal followed.

■ Johnson presents the following issue for our consideration:

Whether reprosecution of the defendant is barred by the double jeopardy clause of the United States and Pennsylvania Constitutions where the defendant's request for a mistrial was necessitated by grossly negligent misconduct on the part of the prosecution?

The trial court held that no prosecutorial misconduct that would bar reprosecution of this case occurred at trial. Since we can find no evidence of prosecutorial intent to provoke a mistrial or bad faith actions designed to harass or prejudice the defendant, we agree. *See Commonwealth v. Starks,* 490 Pa. 336, 341, 416 A.2d 498, 500 (1980).

■ The constitutional guarantee against double jeopardy protects a defendant in a criminal proceeding from multiple punishments or successive prosecutions for the same offense. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854 (1974). However, where a mistrial is granted upon a motion from the defendant, the double jeopardy clause generally does not bar reprosecution; the theory is that the defendant has consented to a new trial by his motion. *Commonwealth v. Adams,* 349 Pa.Super. 200, 502 A.2d 1345 (1986), *citing Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *Commonwealth v. McClain,* 309 Pa.Super. 163, 454 A.2d 1134 (1983). The exception to this rule arises when there is evidence of prosecutorial misconduct which is intended to provoke a mistrial or bad faith actions designed to prejudice or harass the defendant. *Starks, supra.*

**3.** The denial of a pretrial motion to dismiss indictment on double jeopardy grounds is a final, appealable order. *Commonwealth v. Mitchell,* 488 Pa. 75, 410 A.2d 1232 (1980); *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977).

■ Because prosecutors are representatives of an impartial sovereignty, our supreme court demands that they seek justice not only convictions. *Commonwealth v. Cherry*, 474 Pa. 295, 301, 378 A.2d 800, 803 (1977). "It is the solemn responsibility of the prosecution, as the spokesman for the government, ... to conduct his affairs in court in a manner that will avoid designed grievous injury to the court's proceedings." *Commonwealth v. Simons*, 514 Pa. 10, 13, 522 A.2d 537, 539 (1987). The prosecution's failure to conduct itself accordingly constitutes prosecutorial overreaching which *"signals the breakdown of the judicial proceeding, and represents the type of prosecutorial tactic which* the double jeopardy clause was designed to protect against." *Commonwealth v. Starks*, 490 Pa. at 341, 416 A.2d at 500 (emphasis in original). Thus, if the defendant's motion for a mistrial is based upon prosecutorial misconduct which is designed to provoke a new trial or is undertaken in bad faith to harass or prejudice the defendant, the double jeopardy clause is triggered, and retrial is barred. *Simons, supra.*

Here, Johnson's allegation of prosecutorial misconduct arises from the testimony of two Commonwealth witnesses who referred to the threat that Johnson allegedly made to the victim. Johnson contends that the assistant district attorney failed to affirmatively advise these witnesses to refrain from making such references as specifically ordered by Judge Walsh. We find no evidence to support this claim.

The error from which the mistrial was granted occurred during the testimony of Commonwealth witness Baun. During a sidebar discussion, the assistant district attorney assured both the court and defense counsel that he had instructed Baun to withhold testimony concerning the threat. This was confirmed during a post-trial hearing conducted on Johnson's motion to dismiss. During that hearing, Baun testified that prior to her testimony, the assistant district attorney told her "to be very careful in [her] testimony" and "specifically told [her] not to mention

anything about [the appellant] threatening to kill the children in [her] testimony."

In *Commonwealth v. Yost,* 305 Pa.Super. 316, 451 A.2d 549 (1982), the trial court similarly instructed the prosecutor to direct his witnesses to avoid testifying about an objectionable fact regarding the defendant. Nevertheless, a Commonwealth witness made the improper reference, and the trial court granted the defendant's motion for a mistrial. On appeal, this court found that a retrial was not barred by the double jeopardy clause because there was no evidence of prosecutorial intent to provoke a mistrial or actions undertaken to harass or prejudice the defendant. *Id.* Such is the case here. We can find no evidence of prosecutorial intent to provoke a mistrial or harass or prejudice the defendant.

Equally devoid of merit is Johnson's contention that the assistant district attorney embarked upon a line of questioning which invited the prejudicial response given by Baun. The pertinent testimony proceeded as follows:

Q. You said you talked to [the victim], is that right?

A. Yes.

Q. When you talked to her about the incident, how did she appear to you?

A. The child was upset. I questioned her on what happened, and she told me ... that JJ had touched her and threatened to kill her.

We do not find that this line of questioning was undertaken in an effort to elicit an inadmissible response from Baun. The assistant district attorney was merely asking the witness to describe the appearance of the victim. Based upon the conduct of the prosecutor during the trial, and the testimony of Baun at the post-trial hearing, the trial court reasonably concluded that the assistant district attorney was not acting in bad faith or with the intention to provoke a mistrial. *Yost, supra.*

As we find no evidence in support of Johnson's allegation of prosecutorial misconduct, we hold that reprosecution of

this action is not barred by the double jeopardy clause. *Yost, supra.* We, therefore, affirm the trial court's order denying Johnson's motion to dismiss.

Order affirmed.