J-S30015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DWIGHT ANDERSON, III | |
| Appellant | No. 2673 EDA 2014 |

Appeal from the PCRA Order August 14, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007545-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 06, 2015**

Appellant, Anthony Dwight Anderson, III, appeals from the order entered in the Bucks County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case.[2]  Therefore, we have no reason to restate them.  We add only that Appellant timely filed a notice of appeal on

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The court conducted PCRA hearings on April 12, 2013, September 19, 2013, and April 2, 2014.  At page three of the PCRA court's opinion, the court states it held a PCRA hearing on September 13, 2013; that PCRA hearing actually occurred on September 19, 2013.

September 12, 2014. On September 16, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his concise statement on October 6, 2014.

Appellant raises the following issues for our review:

> WHETHER TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO REQUEST A MISTRIAL AND PRESERVE THE ISSUE OF PROSECUTORIAL MISCONDUCT FOR APPELLATE REVIEW WHEN THE PROSECUTOR PURPOSELY ELICITED INADMISSIBLE PRIOR BAD ACT EVIDENCE FROM THE COOPERATING WITNESS?
>
> WHETHER TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO INFORM APPELLANT THAT THE COMMONWEALTH EXTENDED A PLEA OFFER THAT EXPIRED AT THE COMMENCEMENT OF HIS JURY TRIAL?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Diane E. Gibbons, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (**See** PCRA Court Opinion, filed November 12, 2014, at 4-7) (finding: **(1)** on direct appeal, Superior Court deemed waived Appellant's claim of prosecutorial misconduct based on trial counsel's failure to request mistrial; nevertheless, Appellant's claim of prosecutorial misconduct lacks merit where trial counsel did not intend to elicit from witness inadmissible prior bad act evidence, but merely sought to establish that witness and Appellant had sufficient contact in past such that witness could identify Appellant's voice during various telephone calls; moreover, following witness' "prior bad act" statement, court instructed witness not to mention any prior bad act by Appellant without court permission, and witness followed court's instruction;[3] given overwhelming evidence at trial, witness' isolated and ambiguous reference to Appellant's prior bad act did not have unavoidable effect of preventing jury from weighing evidence in neutral manner and rendering true verdict;[4] trial counsel is not ineffective for failing

---

[3] The court gave the witness this instruction outside the jury's presence.

[4] At the PCRA hearing on April 12, 2013, trial counsel testified he did not request a mistrial because he did not believe the prosecutor's line of questioning to the witness constituted "prosecutorial misconduct" to warrant

*(Footnote Continued Next Page)*

to raise meritless claim, and Appellant failed to demonstrate prejudice; thus, Appellant's ineffectiveness claim fails; **(2)** record belies Appellant's claim that trial counsel failed to communicate plea offer; trial counsel testified at PCRA hearing that he pursued plea deal, communicated to Appellant Commonwealth's plea offer of 1-2 year state sentence, and Appellant rejected plea offer;[5] prosecutor corroborated trial counsel's testimony; prosecutor also testified that on morning of trial, trial counsel approached prosecutor asking once more for county sentence (as Appellant would not agree to state sentence), which prosecutor rejected; thus, Appellant's ineffectiveness claim lacks merit).  Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

_(Footnote Continued)_  ————————————————

a mistrial.  Thus, Appellant also failed to establish that trial counsel lacked a reasonable basis for his actions.  ***See Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007) (stating to prevail on claim of ineffective assistance of counsel, PCRA petitioner must demonstrate (1) underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for errors and omissions of counsel, there is reasonable probability that outcome of proceedings would have been different; petitioner bears burden of proving all three prongs of test).

[5] Trial counsel specifically recalled Appellant's "colorful" language when rejecting the plea offer.  Trial counsel testified Appellant stated something to the effect of, "tell that mother fucker" or "tell that son of a bitch the answer is no and I'm going to trial.  I'm picking 12." (N.T. PCRA Hearing, 9/19/13, at 33).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2015

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :  No. CP-09-CR-0007545-2009

          v.              :        (2673 EDA 2014)

ANTHONY DWIGHT ANDERSON      :

## OPINION

By Order dated August 14, 2014, this Court denied Petitioner's request for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] Petitioner now appeals.

On February 23, 2010, following a trial by jury, Petitioner was convicted of five counts of felony Theft by Unlawful Taking,[2] five counts of felony Receiving Stolen Property,[3] and two counts of felony Criminal Conspiracy[4] arising out of the theft of five motorcycles from five separate owners in August of 2009. On that same date, Petitioner was sentenced to undergo imprisonment for not less than twelve nor more than twenty-four months on each of the five Theft convictions. Petitioner was sentenced to seven years probation on each of the two Conspiracy counts. All of the sentences imposed were run consecutive to one another. No further penalty was imposed on the remaining counts. On April 1, 2010, this Court granted the Petitioner's Motion to Reconsider Sentence and resentenced Petitioner to consecutive terms of nine to twenty-four months imprisonment on each of the five Theft convictions. All other aspects of the sentence remained unchanged.[5]

---

[1] 42 Pa.C.S. § 9541 *et seq.*
[2] 18 Pa.C.S. § 3921(a); § 3903(a.1).
[3] 18 Pa.C.S. § 3925(a); § 3903(a.1).
[4] 18 Pa.C.S. § 903.
[5] On January 4, 2013, by agreement of the parties, this Court entered an order granting Petitioner's Recidivism Risk Reduction Incentive ("RRRI") eligibility, directing Petitioner's RRRI minimum aggregate sentence to be 37.5 months incarceration.

The evidence presented at the trial for the underlying crimes was summarized in this

Court's Opinion for purposes of direct appeal as follows:

> The evidence presented at trial established that during the late night hours of August 25th and/or the early morning hours of August 26, 2009, there was a series of motorcycle thefts from private residences. Of the five thefts, three occurred in Bensalem Township, Bucks County, one occurred in Yardley, Bucks County and one occurred in Philadelphia. The four Bucks County residents each testified that they had parked their motorcycles outside their respective homes on August 25th and that they awoke the following morning to find that their motorcycles had been stolen. Each immediately reported the theft to their local police department. The Philadelphia resident testified that he left his motorcycle at his residence on August 21st. When he returned to his residence on August 30th, he too learned that his motorcycle had been taken and immediately reported the theft to police.

> At trial, the Commonwealth presented the testimony of William Seddon. Seddon testified that in August of 2009, he had a telephone conversation with the Defendant during which the Defendant told Seddon that he wanted to steal motorcycles and wanted to know if Seddon knew of any buyers. Seddon agreed to buy some of the stolen motorcycles. On August 26th, approximately one week after the initial conversation, the Defendant informed Seddon that he had gone out the night before and had stolen six motorcycles. Seddon, who was cooperating with law enforcement as a result of his arrest for receiving stolen property, notified the Detective with whom he was working that he had information concerning stolen motorcycles. Working with law enforcement, Seddon arranged to purchase two of the motorcycles from the Defendant, a 2000 Kawasaki valued at $3,095 and a 2004 Honda valued at $4,555, for $800 each. The Defendant told Seddon to pick up the two motorcycles at the residence of Albert Wynne in Philadelphia the following day, August 28th.

> On August 28th, undercover officers accompanied Seddon to the residence of Albert Wynne where they retrieved the two motorcycles Seddon had agreed to purchase. The motorcycles were placed on a trailer attached to the vehicle being utilized by Seddon and the undercover officers. While in the basement of the Wynne residence, police observed four other motorcycles.

> After leaving Wynne's residence, Seddon had another telephone conversation with the Defendant. During that

2

conversation, the Defendant asked how the motorcycles were being transported. Upon learning that the motorcycles were in an open trailer, the Defendant became upset and told Seddon that he shouldn't be driving around with the motorcycles in plain view since the motorcycles had been stolen from Bensalem. The Defendant advised Seddon that he was going to get some tarps to cover the motorcycles and then he would meet Seddon to receive payment.

That same day, the undercover officers and Seddon met the Defendant in the parking lot of the Franklin Mills Mall to pay for the motorcycles as previously arranged. The Defendant was arrested at that time. As promised, the Defendant had brought tarps to cover the motorcycles. Following his arrest, the Defendant made unsolicited statements to Trooper John McGeary to the effect that he was "the middle man" in this operation and that he found buyers for the motorcycles.

On that same date, police executed a search warrant at the Wynne residence in Philadelphia and recovered four more motorcycles. Of the six motorcycles that were recovered during the course of the investigation, five belonged to the victims in the instant case. Ownership of the sixth motorcycle could not be determined.[6]

On direct appeal of his conviction, Petitioner raised, *inter alia*, the issue of whether the prosecuting attorney engaged in prosecutorial misconduct by eliciting prior bad acts through witness William Seddon. In a memorandum opinion dated April 29, 2011, the Superior Court affirmed the judgment of sentence. The Superior Court found that Petitioner waived his claim regarding prosecutorial misconduct by failing to request a mistrial.[7] Petitioner did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On December 2, 2011, Petitioner filed a *pro se* PCRA petition. On February 3, 2012, PCRA counsel was appointed. On May 30, 2012, PCRA counsel filed an amended petition. An evidentiary hearing was held on April 12, 2013 and on September 13, 2013. On

---

[6] Opinion, Trial Court, 6/07/10 pp. 2-4 (footnotes omitted).
[7] See Commonwealth v. Anderson, 945 EDA 2010 (Pa. Super. Ct. 2011) at p. 7.

3

September 18, 2013, PCRA counsel filed a supplemental PCRA petition. On April 2, 2014, a third evidentiary hearing was held. On August 14, 2014, this Court entered an order denying Petitioner's PCRA petition.

To obtain PCRA relief, Petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from one of the enumerated grounds for relief set forth in 42 Pa.C.S. § 9543(a)(2). One of the enumerated grounds for relief is ineffective assistance of counsel.[8] Petitioner raised three claims of ineffective assistance of counsel.

Generally, counsel is presumed to have provided constitutionally adequate representation. Commonwealth v. Smith, 609 Pa. 605, 623, 17 A.3d 873, 883 (2011). In order to establish ineffective assistance of counsel which would warrant relief, a petitioner is required to plead and to prove (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission. Id. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Additionally, defense counsel is afforded broad discretion to determine tactics and strategy. Commonwealth v. Fowler, 670 A.2d 153 (Pa.Super.1996).

Petitioner contends that trial counsel was ineffective for failure to preserve a claim of prosecutorial misconduct. This Court previously found that the underlying issue to be without merit. This Court addressed the issue as follows:

> In his final allegation of error, the Defendant argues that the prosecutor engaged in misconduct by eliciting evidence concerning prior bad acts during the testimony of William Seddon. As previously stated, Seddon testified that he had called the Defendant to ask him if he would work with him on a construction

---

[8] 42 Pa.C.S. § 9543(a)(2)(ii).

4

job. During that conversation, the Defendant told Seddon that he wanted to steal motorcycles before the end of the summer. The Defendant asked Seddon if he knew of any potential buyers. Following this testimony, the following exchange occurred:

> Q. At that time had you worked with him in the past?
>
> A. Yes, sir.
>
> Q. When you say worked with him, what had you done?
>
> A. I worked on motorcycles and sold some motorcycles for him.
>
> Q. You said you sold motorcycles?
>
> A. Yes, sir.
>
> Q. Did you - - when you worked on these motorcycles, did you do anything specifically?
>
> A. Yes. Switch frames, ignitions, things of that sort, try to cover up that they were stolen.

Counsel for the Defendant then objected to the admission of any testimony being elicited that the Defendant in sales of stolen motorcycles in past. The assistant district attorney advised this Court and counsel that he did not intend to elicit evidence concerning prior bad acts but was merely attempting to establish that the witness and the Defendant had sufficient contact in the past so as to allow the witness to identify the Defendant's voice during various telephone conversations. Based upon that representation, the witness was instructed not to make any reference to any prior bad act without prior court permission. No further references were, in fact, made.

This Court finds that this line of questioning was not undertaken in an effort to elicit an inadmissible response from Seddon and, therefore, concludes that the assistant district attorney did not engage in prosecutorial misconduct. *See* Commonwealth v. Johnson, 611 A.2d 1315 (Pa.Super.1992). Moreover, "a defendant is not entitled to relief for a claim of prosecutorial misconduct unless the unavoidable effect of the prosecutor's comments or actions is to prejudice the jury so that a true verdict cannot be rendered because the existence of bias and hostility

5

makes it impossible to weigh the evidence in a neutral manner."
Commonwealth v. Hill, 542 Pa. 291, 666 A.2d 642 (1995)
(quotations omitted). Given the overwhelming evidence
introduced at trial, this isolated and ambiguous reference did not
have the "unavoidable effect" of preventing the jury from
weighing the evidence in a neutral manner and rendering a true
verdict.[9]

Trial counsel cannot be deemed ineffective for failing to raise a meritless claim. Commonwealth v. Travaglia, 541 Pa. 108, 661 A.2d 352 (1995). Moreover, for the reasons set forth above, Petitioner has failed to establish prejudice as required.

Petitioner also asserts that trial counsel was ineffective for failure to pursue plea negotiations and for failure to communicate to him any plea offer made by the Commonwealth. Petitioner's claim is contradicted by the record. Trial counsel testified that prior to trial he had been in discussions with the prosecutor attorney in reference to a potential plea agreement, that the final offer from the Commonwealth was a state sentence of not less than one to not more than two years, that he communicated the offer to Petitioner, that Petitioner rejected this offer, and that he contacted the prosecuting attorney and advised him that Petitioner had rejected the offer.[10] Trial counsel's testimony was corroborated by the prosecuting attorney who testified that he had engaged in plea negotiations with trial counsel, that he offered a state sentence of not less than one to not more than two years, and that trial counsel called him while he was on vacation to advise him that Petitioner was not accepting the plea offer.[11] The prosecuting attorney testified that on the morning of trial, trial counsel approached him ask for a county sentence "one more time." The prosecuting attorney rejected that proposal.[12] Based on this testimony, this Court concluded that trial counsel did, in fact, pursue plea negotiations, that he

---

[9] Opinion, Trial Court, 6/07/10 pp. 9-10 (footnotes omitted).
[10] N.T. 04/12/2013 pp. 10-12, 21-22; N.T. 09/19/2013 pp. 20, 23-32, 36.
[11] N.T. 04/02/2014 pp. 19-21.
[12] Id.; N.T. 04/02/2014 pp. 22, 25-26.

6

did, in fact, communicate the plea offer to Petitioner and that Petitioner did, in fact, reject that offer. Petitioner's claim of ineffective assistance of counsel for failure to do so, therefore, lacks merit.

For the reasons set forth above, this Court denied Petitioner's request for PCRA relief.

BY THE COURT:

11-12-14
**Date**

**DIANE E. GIBBONS, J.**

7

Maureen Spang, Deputy District Attorney
Bucks County District Attorney's Office
55 East Court Street
Doylestown PA 18901

Elissa Heinrichs, Esquire
Cevallos & Wong, LLP
40 Court Street
Newtown PA 18940